UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE L. MACPHERSON,

    Plaintiff,

v.

BRIAN J. PRIEST, et al.,

    Defendants.
_____/

Case No. 1:23-cv-356

Hon. Hala Y. Jarbou

### ORDER

Plaintiff Katherine L. MacPherson[1] brings this action against Brian J. Priest and the United States of America.  On April 17, 2023, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Court dismiss the action sua sponte for lack of subject matter jurisdiction because Plaintiff's allegations are "totally implausible, attenuated, unsubstantial, frivolous, and devoid of merit."  (R&R, ECF No. 9.)  Before the Court are Plaintiff's objections to the R&R.  (Pl.'s Objs., ECF No. 12.)  Also before the Court is Plaintiff's motion for a protective order.  (ECF No. 5.)

<u>Plaintiff's Objections</u>

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

---

[1] Plaintiff filed her complaint under the name Katherine L. Lawrence.  Lawrence is her mother's maiden surname. (Compl., ECF No. 1, PageID.1.)

Plaintiff's objections, like her complaint, are "lengthy" and "rambling." (*See* R&R 2.) They contain a string of disconnected facts and assertions with almost no reference to the R&R. Consequently, it is not clear what objections Plaintiff is raising. Plaintiff alludes to a viable First Amendment retaliation claim, but she identifies no facts that would support such a claim. Thus, the Court discerns no error in the R&R.

After the magistrate judge issued the R&R, Plaintiff filed an amended complaint that is a longer version of the original. It contains many of the same facts and claims. (Am. Compl., ECF No. 10.) The Court has reviewed the amended complaint and finds that it suffers from the same flaws identified in the R&R. Like the original complaint, the amended complaint contains a long recitation of events and grievances from Plaintiff's life, including "fantastical"[2] allegations of "electronic stalking" and delusional interpretations of Defendant Priest's Facebook feed. (*Id.*, PageID.565.) For instance, Plaintiff alleges that the stalking, which began after Priest "le[ft] her," "encompassed every electronic device, account, her cell phone, and her computer in Judge Yates' chambers." (*Id.*) She believes that Defendant Priest, who was employed by AT&T, may have also worked for the National Security Agency and the Central Intelligence Agency, and ostensibly used his position to infiltrate her devices. (*Id.* ¶¶ 96, 100, 108, 110.) Plaintiff also alleges that she decoded hidden messages in Priest's Facebook feed that purportedly professed his love for her. (*See id.* ¶¶ 93-94, 97-98.)[3]

---

[2] Plaintiff herself describes her allegations as "fantastical but nevertheless objectively verifiable[.]" (Am. Compl., PageID.786.)

[3] Defendant Priest apparently obtained a personal protection order against Plaintiff in 2016. (PPO, ECF No. 1-30.) Plaintiff even describes several angry and accusatory Facebook messages that she sent to him. (Am. Compl. ¶¶ 212-13, 215-16.) She also acknowledges that he "blocked" her account and asked her not to contact him, yet she complains that he did not respond to her messages, despite a "legal, moral and ethical obligation" to do so. (*Id.* ¶¶ 90-91, 212-13, 215-16, 288.)

2

Plaintiff's amended complaint also asserts many of the same claims found in the original. It asserts a First Amendment retaliation claim but includes no facts to support it. Similarly, it asserts Fourteenth Amendment and Fifth Amendment claims based on conclusory allegations that the federal government has been spying on her and threatening her. (*See id.* ¶¶ 319-23.) Plaintiff also invokes Title VII, breach of contract, and the Religious Freedom Restoration Act, but fails to allege any meaningful facts that would give rise to those claims. Plaintiff also seeks the restoration of her right to own a gun, which she allegedly lost due to the fact that she became suicidal and was involuntarily committed to a hospital. (*Id.*, PageID.560.) However, neither of the Defendants can grant that sort of relief.

In her amended complaint, Plaintiff has added a request for a refund of what "she paid in student loan debt between May of 2005 and 2020" (*id.*, PageID.802), but that request is untethered to any facts or law.

Plaintiff has also added claims under the Freedom of Information Act (FOIA), the Foreign Intelligence Surveillance Act (FISA), and the Privacy Act. (*Id.*, PageID.784.) These claims are all frivolous. They are premised on Plaintiff's "totally implausible" belief that she has been the subject of electronic surveillance and stalking by Priest and/or the federal government since 2011.

In summary, the Court concludes that there is no error in the R&R. Furthermore, the same reasoning applies to the amended complaint.

Protective Order

Plaintiff seeks a "protective order" so that she can proceed under a pseudonym because she has fears about her physical safety and believes that arguments she intends to make in this case will result in her being "doxxed." (Pl.'s Mot., ECF No. 5, PageID.547.) However, Plaintiff has already revealed her identity in public filings in this case, including her complaint and many of its

exhibits.  (*See, e.g.*, Compl. ¶ 5 (identifying Plaintiff as "Katherine L. MacPherson"); Letter, ECF No. 1-3 (same); Emails, ECF No. 1-4 (same).)  And she repeatedly refers to a law review article that she wrote and to cases in which she was involved as an attorney.  In other words, Plaintiff's name is already part of the public record in this case because she put it there.  Thus, a protective order would serve no purpose and will be denied.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a protective order (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to change the caption in this case to reflect that Plaintiff's name is Katherine L. MacPherson.

The Court will enter a judgment in accordance with this order.

Dated: May 9, 2023                           /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE